JAMES E. TAYLOR

*v.*

EDWARD W. BAILEY *et al.*

*Opinion filed November 8, 1897.*

1. CUSTOMS OF TRADE—*rule that one buying in certain market is bound by its customs.* One employing another to act for him in buying or selling in a certain market will be held as having intended that the business should be conducted according to the general usages and customs of that market, though he does not know of their existence.

2. SAME—*customs may be considered in interpreting intention of the parties.* Where a transaction involving the purchase of stocks on the market is in fact a real purchase under an authorized contract, the customs of the market may be considered in construing the contract and in interpreting the otherwise indeterminate intention of the parties.

3. SAME—*effect where purchase was not directed to be made in a certain market.* The fact that one did not direct that his stocks should be puchased in a certain market does not affect the rule that he is bound by the customs of the market where they were in fact purchased, if, with knowledge of the place of the purchase, he assented thereto and agreed to take and pay for the stocks.

4. INSTRUCTIONS—*when instruction concerning gambling contracts is properly modified.* An abstract instruction that an option contract was a violation of the Criminal Code of the State of Illinois is properly modified by adding that it was for the jury to determine whether the contract in suit was to sell and purchase at an option.

*Taylor* v. *Bailey,* 68 Ill. App. 622, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

WALKER, JUDD & HAWLEY, for appellant.

TENNEY, McCONNELL & COFFEEN, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Appellees, doing business as Bailey & Co., brought assumpsit—the declaration containing the common counts only—against appellant, to which the general issue, only, was pleaded. On the trial the plaintiffs showed they were directed by the defendant to buy for him one hundred shares of Chicago Junction railway stock, which they did, and advanced the money therefor. The defendant paid them a part of the money advanced but defaulted in payment of the residue. Upon the trial no evidence was offered for defendant, but the conclusion was sought to be drawn from the evidence of the plaintiffs that the contract was a gambling transaction. The verdict of the jury was adverse to defendant's contention, and the damages were assessed at $2292.45, on which judgment was entered. The Appellate Court for the First District has affirmed that judgment.

All questions of fact have been determined by the trial and Appellate Courts adversely to the appellant and are conclusive on this court.

Counsel for appellant urge there was error because the jury were instructed, in substance, that if defendant ordered the stock in question and the stock had to be bought on the New York Exchange, and defendant was afterwards notified of the purchase and cost of the same and the plaintiffs demanded payment, which payment the defendant either refused or failed to make, then the

plaintiffs, after waiting a reasonable time, had the right to sell the stock on the New York market and charge the defendant with the difference.   The ground of the objection is, that it nowhere appears that appellant instructed Bailey & Co. to buy the stock on the New York Stock Exchange.   Where he instructed them to purchase is immaterial, if afterwards, knowing that the stock had been purchased and with knowledge of the circumstances with reference to its purchase, he agreed to pay for it.   One employing another to act for him in buying or selling in a certain market will be held as intending that the business should be conducted according to the general usage and custom of that market,—and this is the rule whether or not he in fact knows of the custom. (*Samuels* v. *Oliver*, 130 Ill. 73, and authorities cited.)   And where, as here, the facts as found by the trial and Appellate Courts are that the transaction was not to be settled by the differences in values, but was a real purchase under a contract authorized by the parties, the custom and usage of the market are to be considered in determining the construction of the contract, for a custom may be used to interpret the otherwise indeterminate intention of the parties. (*Lyon & Co.* v. *Culbertson*, 83 Ill. 33, and authorities cited.) The appellant was informed of the fact of the purchase of the stock on the New York market and assented thereto, and agreed to take and pay for the stock.   There is in this evidence no indication that the transaction was to be settled by differences.   When appellant was requested to accept and pay for this stock he was in default, and the notice he had of the place of purchase, etc., did not render the reference to the New York Stock Exchange in the instruction erroneous.

Appellant asked the court to give an instruction that an option deal is a violation of the Criminal Code of the State of Illinois, which the court modified by adding that it was for the jury to determine whether the contract was to sell and purchase at a mere option, and the modi-

fication was excepted to.   The instruction as asked was a mere abstract proposition, and the modification was not error.

Finding no error in the record the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*